## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALTAVIA MATTHEWS, on behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, | ) ) ) ) ) ) |
| Plaintiff, | ) Case No. ) |
| v. | ) ) Judge: |
| RELIANCE TRUST COMPANY, a Delaware Corporation, | ) ) Magistrate Judge: |
| Defendant. | ) ) ) ) |

## <u>COMPLAINT</u>

Plaintiff Altavia Matthews ("Plaintiff"), by her undersigned attorneys, on behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan ("ESOP") and similarly situated participants in the ESOP, alleges upon personal knowledge, the investigation of her counsel, and upon information and belief as to all other matters, as follows:

1.      Plaintiff brings this suit against Reliance Trust Company ("Reliance") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), § 502(a)(2), 29 U.S.C. § 1132(a)(2), for losses suffered by the ESOP and other relief under ERISA § 409, 29 U.S.C. § 1109, caused by Reliance, which was the Trustee for the ESOP when the ESOP acquired shares of The Bradford Hammacher Group, Inc. ("Bradford") in 2013 (the "ESOP Transaction").

2.      Plaintiff is employed by Bradford, participates in the ESOP and is vested in the Bradford stock held in her account in the ESOP.

## FACTUAL ALLEGATIONS

3.      Bradford is headquartered at 9333 N. Milwaukee Avenue, Niles, Illinois 60714.

4.      Bradford bills itself as "a world leader in direct to consumer marketing and product development."

5.      The ESOP was established by Bradford effective January 1, 2013.

6.      The ESOP is a retirement plan governed by ERISA.

7.      Bradford is the sponsor of the ESOP within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

8.      The ESOP was administered by Bradford.

9.      Bradford appointed Reliance as Trustee of the ESOP in or about September 2013 for the purpose of representing the ESOP in the proposed ESOP Transaction.

10.      As Trustee for the ESOP, Reliance had the exclusive duty to ensure that any transactions between the ESOP, Bradford and Bradford shareholders, including loans to the ESOP, acquisitions of Bradford stock by the ESOP, and subsequent transactions between them, were fair and reasonable and to ensure that the ESOP paid no more than fair market value for Bradford stock.

11.      On September 30, 2013, Reliance caused the ESOP to purchase all of the Class A Common Stock of Bradford, 600,000 shares, from Bradford (and/or its principal shareholders) in exchange for a note payable in the amount of $100,000,000 ("the ESOP Transaction").

12.      Pursuant to the ESOP Transaction, Reliance caused the ESOP to pay $166.67 per share for the Bradford stock, for a total payment of approximately $100,000,000 for all of the shares.

2

13.  Pursuant to the ESOP Transaction, Reliance caused the ESOP to issue a note payable to Bradford in the amount of $100,000,000 to purchase Bradford stock from Bradford.

14.  Reliance resorted to seller-financing because it was presumably unable to arrange bank financing for the ESOP Transaction. Any prospective commercial lender would have been troubled by the fact that the proposed ESOP Transaction would be 100% leveraged. Moreover, no reasonably prudent commercial lender would have financed the transaction at the $100-million-dollar amount without conducting robust due diligence on the loan to ensure that the collateral pledged, the stock, was actually worth $100 million.

15.  The ESOP now owns all or substantially all of Bradford, along with its sister company, Hammacher Schlemmer & Company, Inc.

16.  Although the ESOP acquired 100% of Bradford, it did not control Bradford. Instead, Reliance was subject to the direction of an ESOP Voting Committee. The ESOP Voting Committee was controlled by so-called Required Security Holders. On information and belief, the Required Security Holders were among the parties in interest that sold Bradford stock to the ESOP.

17.  After the ESOP acquired Bradford, Reliance caused or allowed Bradford to buy Bradford's 172,000-square-foot headquarters at 9333 N. Milwaukee Avenue in Niles, Illinois, from shareholders of Bradford for $8 million. These shareholders were the children (or their trusts) of one of the company's founders. Thus, although the ESOP owned 100% of Bradford, Reliance did not obtain control of Bradford and allowed Bradford to undertake million dollar transactions with parties in interest.

18.  Indeed, the $8 million building purchase represented almost 20% of Bradford's value based on a subsequent valuation on December 31, 2013.

19. On December 31, 2013, just 92 days after the ESOP bought Bradford, the ESOP's investment in Bradford common stock was worth $43,410,000.00, or just $72.35 per share—a difference in value of approximately $56.5 million, or about 56%.

## JURISDICTION AND VENUE

20. This action arises under Title I of ERISA, 29 U.S.C. §§ 1001 *et seq*., and is brought by Plaintiff under 29 U.S.C. § 1132(a) to enjoin acts and practices that violate the provisions of Title I of ERISA, to require Reliance to make good to the ESOP losses resulting from its violations of ERISA, and to restore to the ESOP any profits and fees made and received by Reliance, and to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of Title I of ERISA.

21. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

22. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because some or all of the events or omissions giving rise to the claims occurred in this District, the ESOP was administered in this District, Bradford is headquartered in this District, and Plaintiff lives in this district.

## PARTIES

23. Plaintiff Altavia Matthews is a resident of Chicago, IL. At all relevant times, Matthews has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), and has been vested in Bradford common stock shares in her account in the ESOP.

24. Defendant Reliance Trust Company is a trust company chartered in Georgia. Reliance was the Trustee of the ESOP during the 2013 ESOP Transaction. Reliance at all relevant times was a "fiduciary" under ERISA because it was named as the Trustee. As the

4

Trustee, Reliance had exclusive authority to manage and control the assets of the ESOP and had

sole and exclusive discretion to authorize the 2013 ESOP Transaction.

## CLAIMS FOR RELIEF

## COUNT ONE

### Engaging in Prohibited Transactions Forbidden by ERISA §§ 406(a)-(b),

### 29 U.S.C. §§ 1106(a)-(b)

25.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

26.     Bradford was a party in interest to the ESOP because it is the employer whose

employees are covered by the ESOP. ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C).

27.     Reliance was a fiduciary for the ESOP because it was the Trustee responsible for

deciding on behalf of the ESOP whether to engage in the ESOP transaction, the price to pay for

Bradford stock, and the terms of the note payable to Bradford.

28.     ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibited a plan fiduciary,

here Reliance, from causing a plan, here the ESOP, to borrow money from a party in interest,

here Bradford (the plan sponsor).

29.     ERISA § 406(a)(1)(E), 29 U.S.C. § 1106(a)(1)(E), prohibited Reliance from

causing the ESOP to acquire Bradford securities from Bradford and its principal shareholders

and transacting with Bradford.

30.     ERISA § 406(b)(2), (3), 29 U.S.C. § 1106(b)(2), (3), provides that a fiduciary for

a plan shall not—

> (2) in his individual or in any other capacity act in any transaction involving
> the plan on behalf of a party (or represent a party) whose interests are adverse
> to the interests of the plan or the interests of its participants or beneficiaries, or

(3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

31.     In violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), in approving the ESOP transaction, Reliance acted for the benefit of Bradford in a transaction in which Bradford was adverse to the ESOP by approving a purchase price for Bradford stock that vastly exceeded its value.

32.     In violation of ERISA § 406(b)(3), 29 U.S.C. § 1106(b)(3), in the course of the ESOP transaction, Reliance received payment from Bradford for serving as the Trustee on behalf of the ESOP with respect to the ESOP transaction.

33.     The loan and stock transactions between the ESOP and parties in interest, namely Bradford and its principal shareholders, were prohibited transactions.

34.     The loan and Bradford stock transactions between the ESOP and parties in interest were caused by Reliance in its capacity as trustee for the ESOP.

35.     ERISA § 408(e), 29 U.S.C. § 1108(e), provides a conditional exemption from the prohibited transaction rules for sale of employer securities to or from a plan if a sale is made for adequate consideration. ERISA § 3(18)(B), 29 U.S.C. § 1002(18)(B), defines adequate consideration as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary." ERISA's legislative history and existing case law make clear that ERISA § 3(18)(B) requires that the price paid must reflect the fair market value of the asset, and the fiduciary must conduct a prudent investigation to determine the fair market value of the asset.

36.     The statutory exemptions to ERISA's prohibited transaction provisions are affirmative defenses. *See*, *e.g.*, *Braden v. Walmart Stores, Inc.*, 588 F.3d 585, 601 (8th Cir. 2009); *Howard v. Shay*, 100 F.3d 1484, 1489 (9th Cir. 1996); *Lowen v. Tower Asset Mgmt., Inc.*,

829 F.2d 1209, 1215 (2d Cir. 1987); *Donovan v. Cunningham*, 716 F.2d 1455, 1567-68 (5th Cir. 1983).

37.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

38.     ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a suit for relief under ERISA § 409.

39.     Reliance caused and is liable for millions of dollars of losses suffered by the ESOP as a result of the prohibited transactions in an amount to be proven more specifically at trial.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the following class:

> All persons who were participants in The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan. Excluded from the Plaintiff Class are the officers and directors of The Bradford Hammacher Group, Inc. and legal representatives, successors, and assigns of any such excluded persons.

41.     The Plaintiff Class is so numerous that joinder of all members is impracticable. Although the exact number and identities of Class Members are unknown to Plaintiff at this time, the ESOP's Form 5500 filing for 2014 indicates that there were 656 active participants in the ESOP as of December 31, 2014.

42. Questions of law and fact common to the Plaintiff Class as a whole include, but are not limited to, the following:

    i. Whether Reliance was a fiduciary under ERISA for the ESOP;

    ii. Whether Reliance's fiduciary duties under ERISA included serving as Trustee for the ESOP in the ESOP's acquisition of Bradford stock;

    iii. Whether Reliance engaged in a prohibited transaction under ERISA by permitting the ESOP to purchase Bradford stock for more than adequate consideration;

    iv. Whether Reliance engaged in a good faith valuation of the Bradford stock in connection with the ESOP transaction;

    v. Whether Reliance engaged in a prudent valuation of the Bradford stock in connection with the ESOP transaction; and

    vi. The amount of losses suffered by the ESOP and its participants as a result of Reliance's ERISA violations.

43. Plaintiff's claims are typical of those of the Plaintiff class. For example, Plaintiff, like other ESOP participants in the Plaintiff Class, suffered a diminution in the value of her ESOP account because the ESOP plunged in value after purchasing Bradford stock for more than fair market value, and she continues to suffer such losses in the present because Reliance failed to correct the overpayment by the ESOP in its time as trustee.

44. Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff class. Plaintiff has retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

45.     Class certification of Plaintiff's Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Reliance, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

46.     In addition, Class certification of Plaintiff's Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Reliance has acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. The members of the Class are entitled to declaratory and injunctive relief to remedy Reliance's violations of ERISA.

47.     The names and addresses of the Plaintiff Class are available from the ESOP. Notice will be provided to all members of the Plaintiff Class to the extent required by Fed. R. Civ. P. 23.

## **PRAYER FOR RELIF**

Wherefore, Plaintiff prays for judgment against Defendant and the following relief:

A.     Declare that Reliance breached its fiduciary duties and caused the ESOP to engage in prohibited transactions;

B.     Order that Reliance make good to the ESOP and/or to any successor trust(s) the losses resulting from its breaches and restore any profits it has made through use of assets of the ESOP;

C.     Order that Reliance provide other appropriate equitable relief to the ESOP, including but not limited to surcharge, providing an accounting for profits, and

imposing a constructive trust and/or equitable lien on any funds wrongfully held by Reliance;

D.    Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

E.    Order Reliance to disgorge any fees it received in conjunction with its services as Trustee for the ESOP as well as any earnings and profits thereon;

F.    Order Reliance to pay prejudgment interest;

G.    Enter an order certifying this lawsuit as a class action; and

H.    Award such other and further relief as the Court deems equitable and just.

Dated: April 28, 2016                    Respectfully submitted,

                         _/s/ Patrick O. Muench_____
                         Patrick O. Muench (IL #6290298)
                         Gregory Y. Porter
                         Ryan T. Jenny
                         **BAILEY & GLASSER LLP**
                         1054 31st Street, NW,
                         Washington, DC 20007
                         Telephone: (202) 463-2101
                         Facsimile: (202) 463-2103
                         gporter@baileyglasser.com
                         rjenny@baileyglasser.com

                         Robert A. Izard
                         Mark P. Kindall
                         **IZARD NOBEL LLP**
                         29 South Main Street, Suite 305
                         West Hartford, CT 06107
                         Telephone: (860) 493-6292
                         Facsimile: (860) 493-6290
                         rizard@izardnobel.com
                         mkindall@izardnobel.com

                         *Attorneys for Plaintiff*