UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALTAVIA MATTHEWS, on behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, | Case No. 1:16-cv-04773 |
| Plaintiff, | Judge Gary Feinerman |
| v. | Magistrate Judge Sidney I. Schenkier |
| RELIANCE TRUST COMPANY, A Delaware Corporation, | |
| Defendant. | |

**DEFENDANT'S MOTION TO SUSPEND CLASS CERTIFICATION BRIEFING PENDING ADDITIONAL DISCOVERY**

Defendant Reliance Trust Company respectfully requests that the Court suspend briefing on Plaintiff's Motion for Class Certification (Dkt. No. 47) pending additional discovery Defendant is pursuing into issues concerning the named Plaintiff. In support, Defendant states as follows:

1. On February 16, 2017, Plaintiff filed a Motion for Class Certification. (Dkt. No. 47.) Plaintiff noticed her motion, and an accompanying motion to file exhibits under seal, for February 27, 2017. (Dkt. Nos. 49, 54.)

2. As of the date of this filing, written discovery is ongoing, and Defendant has not obtained all responsive documents from Plaintiff or third parties to whom Plaintiff has issued document subpoenas. Defendant intends to depose Plaintiff after obtaining relevant documents necessary to prepare for her deposition.

3. Although the court must determine whether a class action is appropriate as soon

as practicable after the commencement of the action (*see* FRCP 23(c)(1)), in certain cases, "some degree of discovery may be appropriate" to aid the Court in making the "necessary class determinations." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 895 (7th Cir. 1981); *see also Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 558 (7th Cir. 2011). "District courts have broad discretion to control the class certification process, and 'whether or not discovery will be permitted . . .lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). If the "propriety of a class action cannot be determined" without discovery, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Id.*

4. In this case, there are at least two factual issues that require discovery before Defendant can fully respond to Plaintiff's class-certification motion. ***First***, Defendant believes that Plaintiff's claims in this case are barred by a Letter of Agreement and General Release and Additional Terms entered into between Plaintiff and her former employer, BGE, Ltd.[1] Plaintiff signed the Letter of Agreement, and although she initialed each individual page of the General Release and Additional Terms, she apparently did not place a signature at the end of the General Release and Additional Terms. Defendant intends to establish that these agreements are binding; Plaintiff received the severance payment in consideration for her signing both documents and signed/initialed both documents. In order to dispel any question of fact as to whether the documents were fully executed and are binding, Defendant needs to depose Plaintiff about the documents, her receipt of consideration, and facts evidencing the parties' mutual agreement.

5. A release by the named plaintiff can subject the named plaintiff to "*unique*

---

[1] Defendant will be filing a separate motion to file this Letter of Agreement and General Release and Additional Terms under seal.

*defenses*" that render her inadequate as a class representative and destroy typicality. See *In re Shering Plough Corp. ERISA Lit.*, 589 F.3d 585, 589 (3d Cir. 2009) (emphasis original) (reversible error for district court not to consider effect of releases on class certification). Depending on the language of the release, Plaintiff's claims may be barred entirely or she may be disqualified from serving as a class representative. "Even if a release does not bar an individual from bringing an ERISA § 502(a)(2) claim on behalf of a plan, it could be argued that the covenant not to sue bars [plaintiff] from filing a lawsuit and serving as a lead plaintiff . . ." *Id.* at 599. It may render the named plaintiff's "interests and incentives" not "sufficiently aligned with those of the class." *Id.* at 600; see also *Halldorson v. Wilmington Trust Retirement and Institutional Servs. Co.*, 2016 WL 1643862 (W.D. Va., April 22, 2016) (release barred claims under ERISA § 502(a)(2)).

6. **Second**, Defendant has serious questions about Plaintiff's ability to serve adequately as a class representative in this case because of inaccurate and misleading allegations in the Complaint. The Complaint contains factual errors and misleading assumptions, and Defendant believes that before she filed suit, Plaintiff was provided information that directly contradicts the false allegations and implications in the Complaint. For example, Plaintiff alleges that Reliance "resorted to seller-financing because it was presumably unable to arrange bank financing for the ESOP Transaction. Any prospective commercial lender would have been troubled by the fact that the proposed ESOP Transaction would be 100% leveraged." (Dkt. Nos. 1, 14.) This allegation is patently false, because in fact there were ***several*** commercial lenders who participated in the ESOP transaction and conducted due diligence. Defendant believes that Plaintiff received multiple communications that informed Plaintiff, and all ESOP participants, of the existence and involvement of these commercial lenders. In fact, in her answers to

- 3 -
87731719.4

Defendants' interrogatories, Plaintiff admitted attending "meetings" with company representatives. (*see* Ex. A, pp. 8-9.) It was during these meetings that ESOP participants were told of the involvement of several commercial lenders, among other things relating to the ESOP transaction. Yet her Complaint still contains a false allegation.

7. Plaintiff also alleged that after the ESOP transaction, the stock value dropped. (Dkt. No. 1, ¶ 19.) But Defendant believes Plaintiff received several communications about the prudent process Defendant engaged in before approving the ESOP transaction, including facts about the involvement of an independent valuation advisor, and Plaintiff was aware that the value of the stock would drop post-transaction for the simple reason that the sponsor company was taking on debt. Plaintiff, and all ESOP participants, was aware that the post-transaction decrease in stock value was to be expected, yet Plaintiff misleadingly pleaded in her Complaint a suggestion that the decrease in value is evidence of impropriety. The Complaint also completely ignores the process Defendant engaged in before approving the transaction, including the financial and fairness reviews conducted by independent, third-party advisors retained to assist Defendant, which Defendant believes Plaintiff was aware of before she filed suit.

8. These fact issues directly bear on Plaintiff's ability to serve as a class representative and, with respect to the release documents, may defeat Plaintiff's claim in its entirety. Thus, Defendant respectfully requests that the Court suspend briefing on Plaintiff's class-certification motion until such time as Defendant has had the opportunity to conduct discovery.

87731719.4

Dated: February 22, 2017                Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**

/s/     *Theodore M. Becker*
Theodore M. Becker
Richard J. Pearl
Theodore.becker@dbr.com
Richard.Pearl@dbr.com
191 N. Wacker Drive, Suite 3700
Chicago, IL  60606-1698
Telephone:  (312) 569-1000
Facsimile:  (312) 569-3000

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 22, 2017 I caused a true and correct copy of the foregoing ***Defendant's Motion to Suspend Class Certification Briefing Pending Additional Discovery*** to be filed electronically using the Court's CM/ECF system and to thereby be served upon on all registered participants identified in the Notice of Electronic Filing in this matter on this date.

| | |
|---|---|
| Ryan T. Jenny | rjenny@baileyglasser.com |
| Gregory Y. Porter | gporter@baileyglasser.com |
| Patrick O. Muench | pmuench@baileyglasser.com |
| Robert A. Izard | rizard@izardnobel.com |
| Mark P. Kindall | mkindall@izardnobel.com |
| Douglas Needham | dneedham@ikrlaw.com |

Dated: February 22, 2017 　　　　　　　　　*/s/ Theodore M. Becker*
　　　　　　　　　　　　　　　　　　　　　　　Theodore M. Becker