UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTUR A. NISTRA, on behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, ) ) ) ) ) | |
| Plaintiff, ) | Case No. 16-cv-04773 |
| v. ) | |
| ) | Hon. Gary Feinerman |
| RELIANCE TRUST COMPANY, ) a Delaware Corporation, ) | Magistrate Judge Sidney I. Schenkier |
| ) | |
| Defendant. ) ) | |

## SECOND AMENDED COMPLAINT

Plaintiff Artur A. Nistra, by his undersigned attorneys, on behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan ("Plan") and similarly situated participants in the Plan, alleges upon personal knowledge, the investigation of his counsel, and upon information and belief as to all other matters, as to which allegations he believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

1. Plaintiff brings this suit against Reliance Trust Company ("Reliance") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), § 502(a)(2), 29 U.S.C. § 1132(a)(2), for losses suffered by the Plan and other relief under ERISA § 409, 29 U.S.C. § 1109, caused by Reliance, which was the Trustee for the Plan when the Plan acquired shares of The Bradford Hammacher Group, Inc. ("Bradford") in 2013.

1

2. Plaintiff was employed by Bradford, participates in the Plan and is vested in the Bradford stock held in his account in the Plan.

3. As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits as a result of Reliance's violations of ERISA's prohibited transaction rules.

4. Plaintiff brings this action to recover the losses incurred by the Plan, and thus by each individual account in the Plan held by him and similarly situated participants, as a result of Reliance's engaging in, and causing the Plan to engage in, prohibited transactions under ERISA.

## FACTUAL ALLEGATIONS

5. Bradford bills itself as "a world leader in direct to consumer marketing and product development."

6. Bradford is headquartered at 9333 N. Milwaukee Avenue, Niles, Illinois 60714.

7. Bradford is an S corporation. Bradford stock is not readily tradable on an established securities market.

8. The Plan was established by Bradford effective January 1, 2013.

9. The Plan is a retirement plan governed by ERISA.

10. The Plan is an individual account plan under ERISA, in which separate employer stock accounts and other investment accounts have been established to record the participants' interests under the plan.

11. The Plan's principal asset has been Bradford stock at all times since its inception. Bradford identifies the Plan as intended to be a leveraged employee stock ownership plan, or "Leveraged ESOP."

12. The Plan is administered at 9333 N. Milwaukee Avenue, Niles, Illinois 60714.

13. Bradford is the sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

14. Employees of Bradford participate in the Plan.

15. As the Plan's Forms 5500 report, Bradford is the plan's administrator.

16. The Plan was administered by an ESOP Committee whose members were appointed by Bradford's Board of Directors. The initial three members of the ESOP Committee were members of the Bradford executive management team and two of those three members received stock appreciation rights through the 2013 ESOP Transaction.

17. Bradford appointed Reliance as Trustee of the Plan in or about August 2013 for the purpose of representing the Plan in the proposed ESOP transaction.

18. As Trustee for the Plan, Reliance had the exclusive duty to ensure that any transactions between the Plan and Bradford, including loans to the Plan, acquisitions of Bradford stock by the Plan, and subsequent transactions between them, were fair and reasonable and to ensure that the Plan paid no more than fair market value for Bradford stock.

19. On September 30, 2013, Reliance caused the Plan to purchase all of the Class A Common Stock of Bradford, 600,000 shares, from Bradford in exchange for a note payable in the amount of $100,000,000 ("the ESOP Transaction").

20. Pursuant to the ESOP Transaction, Reliance caused the Plan to pay $166.67 per share for the Bradford stock, for a total payment of approximately $100,000,000 for all of the shares.

21. Pursuant to the ESOP Transaction, Reliance caused the Plan to issue a note payable to Bradford in the amount of $100,000,000 to purchase Bradford stock from Bradford.

22.     As part of the ESOP Transaction, shareholders of the Bradford Group and its affiliates and Hammacher Schlemmer & Company, Inc. redeemed 100% of their common stock for $275 million, which was financed with a $108 million term loan and approximately $195.9 million of subordinated notes with detachable warrants. Bradford then sold the newly-issued shares of Bradford to the Plan for $100 million.

23.     The Plan now owns all of Bradford's outstanding common stock.

24.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Significant votes of Bradford stock by Reliance, as Trustee of the Plan, were under the contractual control and direction of an ESOP Voting Committee, at three-quarters of which was controlled by the Required Security Holders. The Required Security Holders were parties in interest that sold their company stock of Bradford predecessors to Bradford, which then sold Bradford stock to the Plan.

25.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Plan paid a control premium for Bradford even though the Plan did not obtain control over the Bradford Board of Directors upon its 2013 purchase of 100% of the company. Further, the Plan did not receive a discount for lack of control. The Plan therefore overpaid for Bradford.

26.     As Trustee, Reliance is subject to liability for any payment by the Plan of more than fair market value for Bradford caused by the Plan's payment of a control premium where previous owners retained control of Bradford, the Plan's failure to receive a discount for lack of control, and/or other factors in Reliance's faulty valuation of Bradford in the ESOP Transaction.

27. On December 31, 2013, just 92 days after the Plan bought Bradford, the Plan's investment in Bradford common stock was valued as worth $43,410,000.00, or just $72.35 per share, a difference in value of approximately $56.5 million, or about 56%.

28. Reliance is liable to the Plan for the difference between the price paid by the Plan and the actual value of Bradford shares at the time of the ESOP Transaction.

29. Paragraph 6 of the ESOP Transaction engagement agreement between Reliance and The Bradford Exchange, Ltd. contains a payment/indemnification clause providing *inter alia* that Reliance's litigation expenses, damages, losses and liabilities in this suit may be paid or reimbursed by Bradford, which the Plan owns. That provision is null and void under ERISA § 410(a), 29 U.S.C. § 1110(a), as against public policy.

30. Bradford has been paying the defense costs of Reliance's legal counsel in this lawsuit.

31. Payment by Bradford of millions of dollars of attorneys' fees, costs and litigation expenses to Reliance's counsel would necessarily adversely impact Bradford's equity value and therefore the value of Plan assets. Advancement or reimbursement of Reliance's defense costs by Bradford adversely affects the Plan and Plaintiff's and other participants' financial interests.

32. Payment by Bradford, which the Plan owns, to the Plan for any judgment this Court makes against Reliance would result in no benefit to the Plan and its participants and would, in violation of ERISA § 410(a), relieve Reliance from responsibility or liability for its responsibility, obligation, or duty under ERISA.

## JURISDICTION AND VENUE

33. This action arises under Title I of ERISA, 29 U.S.C. §§ 1001 *et seq.*, and is brought by Plaintiff under ERISA § 502(a), 29 U.S.C. § 1132(a), to enjoin acts and practices that

violate the provisions of Title I of ERISA, to require Reliance to make good to the Plan losses resulting from its violations of ERISA, and to restore to the Plan any profits and fees made and received by Reliance, and to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of Title I of ERISA.

34. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

35. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because some or all of the events or omissions giving rise to the claims occurred in this District, the Plan was administered in this District, and Bradford is headquartered in this District.

**PARTIES**

36. Plaintiff Artur A. Nistra is a resident of Jacksonville, Florida. At all relevant times, Plaintiff Nistra has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), and has been vested in Bradford common stock shares in his Plan account.

37. Plaintiff Nistra had no knowledge about whether the Plan paid adequate consideration for Bradford stock until discussing the case with counsel in 2017.

38. Defendant Reliance Trust Company is a trust company chartered in Georgia. Reliance was the Trustee of the Plan during the 2013 ESOP Transaction.

39. Reliance at all relevant times was a "fiduciary" under ERISA because it was named as the Trustee. As the Trustee, Reliance had exclusive authority to manage and control the assets of the Plan and had sole and exclusive discretion to authorize the 2013 ESOP Transaction.

40. Reliance was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all relevant times.

## CLAIMS FOR RELIEF

## COUNT ONE

**Engaging in Prohibited Transactions Forbidden by ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b)**

41. Plaintiff incorporates the preceding paragraphs as though set forth herein.

42. Bradford was a party in interest to the Plan because it is an employer whose employees are covered by the Plan. ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C).

43. Bradford was a party in interest to the Plan because it is the Plan's administrator, and therefore a fiduciary and a service provider to the Plan. ERISA § 3(14)(A)-(B), 29 U.S.C. § 1002(14)(A)-(B).

44. Reliance was a fiduciary for the Plan because it was the Trustee responsible for deciding on behalf of the Plan whether to engage in the ESOP Transaction, the price to pay for Bradford stock, and the terms of the note payable to Bradford.

45. Reliance was a fiduciary for the Plan because as Trustee it is a "Named Fiduciary" under the terms of the Plan. *See* Plan § 12-1.

46. ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibited a plan fiduciary, here Reliance, from causing a plan, here the Plan, to borrow money from a party in interest, here Bradford.

47. ERISA § 406(a)(1)(E), 29 U.S.C. § 1106(a)(1)(E), prohibited Reliance from causing the Plan to acquire Bradford securities from Bradford.

48. ERISA § 406(b)(2), (3), 29 U.S.C. § 1106(b)(2), (3), provides that a fiduciary for a plan shall not—

>(2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or
>
>(3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

49. In violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), in approving the ESOP Transaction, Reliance acted for the benefit of Bradford in a transaction in which Bradford was adverse to the Plan by approving a purchase price for Bradford stock that exceeded its fair market value.

50. In violation of ERISA § 406(b)(3), 29 U.S.C. § 1106(b)(3), in the course of the ESOP Transaction, Reliance received payment from Bradford for serving as the Trustee on behalf of the Plan with respect to the ESOP Transaction.

51. The loan and stock transactions between the Plan and Bradford were prohibited transactions.

52. The loan and stock transactions between the Plan and Bradford were caused by Reliance in its capacity as Trustee for the Plan.

53. ERISA § 408(e), 29 U.S.C. § 1108(e), provides a conditional exemption from the prohibited transaction rules for sale of employer securities to or from a plan if a sale is made for adequate consideration. ERISA § 3(18)(B), 29 U.S.C. § 1002(18)(B), defines adequate consideration as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary pursuant to the terms of the plan and in accordance with regulations promulgated by the Secretary." ERISA's legislative history and existing case law make clear that ERISA § 3(18)(B) requires that the price paid must reflect the fair market value of the asset, and the fiduciary must conduct a prudent investigation to determine the fair market value of the asset.

54. The statutory exemptions to ERISA's prohibited transaction provisions are affirmative defenses. *See, e.g., Allen v. GreatBanc Trust Co.*, 835 F.3d 670, 675-77 (7th Cir. 2016); *Braden v. Walmart Stores, Inc.,* 588 F.3d 585, 600-02 (8th Cir. 2009); *Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996); *Lowen v. Tower Asset Mgmt., Inc.,* 829 F.2d 1209, 1215 (2d Cir. 1987); *Donovan v. Cunningham,* 716 F.2d 1455, 1567-68 (5th Cir. 1983).

55. ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia,* that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

56. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a suit for relief under ERISA § 409.

57. Reliance caused and is liable for the losses suffered by the Plan as a result of the prohibited transactions in an amount to be proven more specifically at trial.

## COUNT TWO

### Violation of ERISA §§ 410 and 404(a)(1)(A), (B), 29 U.S.C. §§ 1110 and 1104(a)(1)(A), (B)

58. Plaintiff incorporates the preceding paragraphs as though set forth herein.

59. ERISA § 410(a), 29 U.S.C. § 1110(a), provides in relevant part (with exceptions not applicable here) that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part [Part IV of Subtitle B of Title I of ERISA] shall be void as against public policy." As ERISA § 406 is under Part IV, any provision that attempts to relieve Reliance, a Plan fiduciary, of

9

responsibility or liability is void pursuant to ERISA § 410(a) unless there is an exception or exemption. No such exception or exemption is applicable here.

60. Paragraph 6 of the engagement letter between Reliance and The Bradford Exchange, Ltd., dated July 30, 2013 and accepted and agreed to by The Bradford Exchange, Ltd. effective as of August 9, 2013 (the "Transaction Engagement Agreement"), contains a payment/indemnification clause providing *inter alia* that Reliance's litigation expenses, damages, losses and liabilities in this suit may be paid or reimbursed by Bradford, which the Plan owns.

61. The Transaction Engagement Agreement effectively contains no limitation on payment or indemnity by Bradford, at any time in the course of litigation or after final judgment, to or for the benefit of Reliance of its costs, attorneys' fees and other expenses ("Defense Costs") or of damages, losses, or liabilities. An exception contained in Paragraph 6 does not address violation of the *per se* rules under ERISA § 406.

62. The terms of Paragraph 4 of the subsequent engagement letter between Reliance and Bradford, dated October 28, 2013 and accepted and agreed to by Bradford effective as of October 1, 2013 (the "Ongoing Trustee Engagement Agreement"), are in material respects identical to the provision noted above from the Transaction Engagement Agreement.

63. To the extent that Paragraph 6 of the Transaction Engagement Agreement (or, to the extent Reliance or Bradford may be invoking it, Paragraph 4 of the Ongoing Trustee Engagement Agreement) attempts to relieve Reliance of its responsibility or liability to discharge its duties under ERISA, or attempts to have Bradford (a Plan-owned company) and thereby the Plan be responsible for Reliance's liability or breaches of the statute, including but not limited to Defense Costs, such provision is void as against public policy.

64. To the extent that any of the fiduciaries of the Plan would agree to the establishment or exercise of such a provision that is void against public policy under ERISA § 410, they breached their fiduciary duties under ERISA by failing to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and aims, in violation of ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B). *See also* ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

65. As a result of the foregoing, Paragraph 6 of the Transaction Engagement Agreement, and to the extent it may have been or be invoked by Reliance or Bradford Paragraph 4 of the Ongoing Trustee Engagement Agreement, should be declared void *ab initio* and Reliance and its agents should be enjoined from seeking and accepting payment from Bradford under such provisions.

## CLASS ACTION ALLEGATIONS

66. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the following class:

> All persons who were participants in The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan. Excluded from the Plaintiff Class are the officers and directors of The Bradford Hammacher Group, Inc. and legal representatives, successors, and assigns of any such excluded persons. Also excluded from the Plaintiff Class are those individuals, trusts and their family members that redeemed or sold their shares in the Bradford Group and its affiliates and/or Hammacher, Schlemmer & Company, Inc. to Bradford in 2013.

67. The Plaintiff Class is so numerous that joinder of all members is impracticable. Although the exact number and identities of Class Members are unknown to Plaintiff at this time, the Plan's Form 5500 filing for 2015 indicates that there were 754 participants, including seven

11

deceased participants whose beneficiaries are receiving or are entitled to receive benefits, in the Plan as of December 31, 2015.

  68. Questions of law and fact common to the Plaintiff Class as a whole include, but are not limited to, the following:

  i. Whether Reliance served as Trustee to the Plan in the ESOP Transaction;

  ii. Whether Reliance was a fiduciary under ERISA for the Plan;

  iii. Whether Reliance's fiduciary duties under ERISA included serving as Trustee for the Plan in the Plan's acquisition of Bradford stock and of a loan from Bradford;

  iv. Whether Reliance caused the Plan to engage in a prohibited transaction under ERISA by permitting it to purchase Bradford stock;

  v. Whether Reliance engaged in a good faith valuation of the Bradford stock in connection with the ESOP Transaction;

  vi. Whether Reliance caused the Plan to pay more than adequate consideration for Bradford stock;

  vii. Whether Reliance caused the Plan to engage in a prohibited transaction under ERISA by permitting it to take a loan from Bradford;

  viii. Whether Reliance engaged in a prohibited transaction under ERISA by acting on behalf of a party adverse to the Plan and its participants in the ESOP Transaction;

  ix. Whether Reliance engaged in a prohibited transaction under ERISA by receiving consideration for its own account in the ESOP Transaction; and

    x. The amount of losses suffered by the Plan and its participants as a result of Reliance's ERISA violations.

69. Plaintiff's claims are typical of those of the Plaintiff class. For example, Plaintiff, like other Plan participants in the Plaintiff Class, suffered a diminution in the value of his Plan account because the Plan overpaid for the Bradford stock and took an excessive loan, and he continues to suffer such losses in the present because Reliance failed to correct these losses by the Plan in its time as trustee.

70. Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff has retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

71. Class certification of Plaintiff's Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(l) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Reliance, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

72. In addition, Class certification of Plaintiff's Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Reliance has acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. The members of the Class are entitled to declaratory and injunctive relief to remedy Reliance's violations of ERISA.

73. The names and addresses of the Plaintiff Class are available from the Plan. Notice will be provided to all members of the Plaintiff Class to the extent required by Fed. R. Civ. P. 23.

## **PRAYER FOR RELIF**

Wherefore, Plaintiff prays for judgment against Defendant and the following relief:

A. Declare that Reliance engaged in and caused the Plan to engage in prohibited transactions;

B. Order that Reliance make good to the Plan and/or to any successor trust(s) the losses resulting from its breaches of ERISA and restore any profits it has made through use of assets of the Plan;

C. Order that Reliance provide other appropriate equitable relief to the Plan, including but not limited to surcharge, providing an accounting for profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Reliance;

D. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

E. Order Reliance to disgorge any fees it received in conjunction with its services as Trustee for the Plan as well as any earnings and profits thereon;

F. Order Reliance to pay prejudgment interest;

G. Enter an order certifying this lawsuit as a class action;

H. Order that Paragraph 6 of the Transaction Engagement Agreement and any other provision in violation of ERISA § 410 in the Ongoing Trustee Engagement Agreement is declared void *ab initio*, and that Reliance and its agents are enjoined from seeking or accepting payment from Bradford or the Plan under such provisions, and Reliance and its agents must reimburse Bradford and the Plan for payments received; and

I.      Award such other and further relief as the Court deems equitable and just.

Dated: September 19, 2017

Respectfully submitted,

s/ Patrick O. Muench

Patrick O. Muench (IL #6290298)
Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny
**BAILEY & GLASSER LLP**
1054 31st Street, NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
pmuench@baileyglasser.com
gporter@baileyglasser.com
rjenny@baileyglasser.com

Robert A. Izard (*pro hac vice*)
Douglas P. Needham (*pro hac vice*)
**IZARD, KINDALL & RAABE, LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
rizard@ikrlaw.com
dneedham@ikrlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September 2017, a copy of the foregoing was served using the Court's CM/ECF system upon Defendant's counsel:

Theodore M. Becker
Richard J. Pearl
**Drinker Biddle & Reath, LLP**
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606
Phone: (312) 569-1000
Theodore.Becker@dbr.com
Richard.Pearl@dbr.com

*Counsel for Defendant*

/s/ Patrick O. Muench
Patrick O. Muench (IL #6290298)