## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ARTUR A. NISTRA, on behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, | ) ) ) ) ) | |
| | ) | Case No. 16-cv-04773 |
| Plaintiff, | ) ) | Hon. Gary Feinerman |
| v. | ) ) | Magistrate Judge Sidney I. Schenkier |
| RELIANCE TRUST COMPANY, a Delaware Corporation, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant Reliance Trust Company, through undersigned counsel, files this Partial

Answer and its Affirmative Defenses to the Second Amended Complaint (Dkt. No. 111).

## ANSWER

1.      Plaintiff brings this suit against Reliance Trust Company ("Reliance") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), § 502(a)(2), 29 U. S.C. § 1132(a)(2), for losses suffered by the Plan and other relief under ERISA § 409, 29 U.S.C. § 1109, caused by Reliance, which was the Trustee for the Plan when the Plan acquired shares of The Bradford Hammacher Group, Inc. ("Bradford") in 2013.

**ANSWER:**  Defendant admits that Defendant was the Trustee for the ESOP, that Plaintiff

purports to bring suit pursuant to ERISA, and that the ESOP acquired shares of Bradford, but

otherwise denies the allegations in this paragraph.

2.      Plaintiff was employed by Bradford, participates in the Plan and is vested in the Bradford stock held in his account in the Plan.

**ANSWER:**  Defendant denies the allegations in this paragraph.

3.      As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits as a result of Reliance's violations of ERISA's prohibited transaction rules.

**ANSWER:**  Defendant denies the allegations in this paragraph.

4.      Plaintiff brings this action to recover the losses incurred by the Plan, and thus by each individual account in the Plan held by him and similarly situated participants, as a result of Reliance's engaging in, and causing the Plan to engage in, prohibited transactions under ERISA.

**ANSWER:**  Defendant denies the allegations in this paragraph.

## FACTUAL ALLEGATIONS

5.      Bradford bills itself as "a world leader in direct to consumer marketing and product development."

**ANSWER:**  Denied. Answering further, Defendant states that the companies owned by Bradford

bill themselves as "a world leader in direct to consumer marketing and product development."

6.      Bradford is headquartered at 9333 N. Milwaukee Avenue, Niles, Illinois 60714.

**ANSWER:**  Admitted.

7.      Bradford is an S corporation. Bradford stock is not readily tradable on an established securities market.

**ANSWER:**  Admitted.

90242471.4

8.      The Plan was established by Bradford effective January 1, 2013.

**ANSWER:** Admitted.

9.      The Plan is a retirement plan governed by ERISA.

**ANSWER:** Admitted.

10.     The Plan is an individual account plan under ERISA, in which separate employer stock accounts and other investment accounts have been established to record the participants' interests under the plan.

**ANSWER:** Defendant admits that the ESOP is an individual account plan under ERISA. Defendant states that the remainder of this paragraph is unclear and poorly phrased and thus denies the remaining allegations in this paragraph.

11.     The Plan's principal asset has been Bradford stock at all times since its inception. Bradford identifies the Plan as intended to be a leveraged employee stock ownership plan, or "Leveraged ESOP."

**ANSWER:** Defendant admits that the ESOP's principal asset has been Bradford stock since the ESOP's inception. Defendant admits that the ESOP was leveraged as part of the initial transaction but denies the remaining allegations in this paragraph.

12.     The Plan is administered at 9333 N. Milwaukee Avenue, Niles, Illinois 60714.

**ANSWER:** Defendant admits that administration of the ESOP occurs in part at the address in this paragraph but denies the remaining allegations in this paragraph.

- 3 -

90242471.4

13.     Bradford is the sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

**ANSWER:**  Admitted.


14.     Employees of Bradford participate in the Plan.

**ANSWER:**  Defendant denies the allegations in this paragraph.


15.     As the Plan's Forms 5500 report, Bradford is the plan's administrator.

**ANSWER:** Admitted.


16.     The Plan was administered by an ESOP Committee whose members were appointed by Bradford's Board of Directors. The initial three members of the ESOP Committee were members of the Bradford executive management team and two of those three members received stock appreciation rights through the 2013 ESOP Transaction.

**ANSWER:**  Defendant admits that according to the ESOP plan document, the authority to

control and manage the operation and administration of the Plan was vested in an ESOP

committee.  Defendant lacks sufficient information to either admit or deny the initial

membership of the ESOP Committee and whether two of the three supposed members received

any stock appreciation rights through the alleged 2013 ESOP Transaction.


17.     Bradford appointed Reliance as Trustee of the Plan in or about August 2013 for the purpose of representing the Plan in the proposed ESOP transaction.

**ANSWER:**  Defendant admits that it was appointed as the Trustee of the ESOP according to a

July 30, 2013 engagement letter, which sets forth the purpose for the engagement.

18.     As Trustee for the Plan, Reliance had the exclusive duty to ensure that any transactions between the Plan and Bradford, including loans to the Plan, acquisitions of Bradford stock by the Plan, and subsequent transactions between them, were fair and reasonable and to ensure that the Plan paid no more than fair market value for Bradford stock.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required.  To the extent this paragraph contains factual allegations, Defendant states that it acted consistently with its fiduciary obligations under ERISA.

19.     On September 30, 2013, Reliance caused the Plan to purchase all of the Class A Common Stock of Bradford, 600,000 shares, from Bradford in exchange for a note payable in the amount of $100,000,000 ("the ESOP Transaction").

**ANSWER:** Defendant admits that as part of a transaction on September 30, 2013, among other terms of the transaction the ESOP purchased 600,000 shares of Bradford Class A Common Stock for a note payable in the amount of $100 million (the "ESOP Stock Purchase").

20.     Pursuant to the ESOP Transaction, Reliance caused the Plan to pay $166.67 per share for the Bradford stock, for a total payment of approximately $100,000,000 for all of the shares.

**ANSWER:**  Defendant admits that the ESOP Stock Purchase occurred, but otherwise denies the allegations in this paragraph.

21.     Pursuant to the ESOP Transaction, Reliance caused the Plan to issue a note payable to Bradford in the amount of $100,000,000 to purchase Bradford stock from Bradford.

**ANSWER:** Defendant admits that the ESOP Stock Purchase occurred, but otherwise denies the allegations in this paragraph.

90242471.4

22.     As part of the ESOP Transaction, shareholders of the Bradford Group and its affiliates and Hammacher Schlemmer & Company, Inc. redeemed 100% of their common stock for $275 million, which was financed with a $108 million term loan and approximately $195.9 million of subordinated notes with detachable warrants. Bradford then sold the newly-issued shares of Bradford to the Plan for $100 million.

**ANSWER:** Defendant states that this paragraph does not set forth a fully accurate description and that the terms of and parties are more fully described in the documents, and therefore Defendant denies the allegations in this paragraph.

23.     The Plan now owns all of Bradford's outstanding common stock.

**ANSWER:** Denied. Answering further, Defendant states that in order to secure The Bradford Hammacher Group. Inc. Employee Stock Ownership Trust's obligations to repay the $100 million promissory note it delivered to The Bradford Hammacher Group Inc., Defendant pledged 600,000 shares of The Bradford Hammacher Group Inc. to The Bradford Hammacher Group Inc. Each fiscal year, The Bradford Hammacher Group Inc. releases and delivers to the Trustee of the Plan a percentage of the pledged shares based on how much principal and interest the Plan has paid for that fiscal year on the promissory note in comparison to the balance left on that promissory note.

24.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Significant votes of Bradford stock by Reliance, as Trustee of the Plan, were under the contractual control and direction of an ESOP Voting Committee, at three-quarters of which was controlled by the Required Security Holders. The Required Security Holders were parties in interest that sold their company stock of Bradford predecessors to Bradford, which then sold Bradford stock to the Plan.

**ANSWER:** Defendant states that this paragraph states no well pled factual allegations. To the extent that an answer is required, Defendant denies the allegations in this paragraph.

90242471.4

25.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Plan paid a control premium for Bradford even though the Plan did not obtain control over the Bradford Board of Directors upon its 2013 purchase of 100% of the company. Further, the Plan did not receive a discount for lack of control. The Plan therefore overpaid for Bradford.

**ANSWER:** Defendant states that this paragraph states no well pled factual allegations. To the

extent that an answer is required, Defendant denies the allegations in this paragraph.

26.     As Trustee, Reliance is subject to liability for any payment by the Plan of more than fair market value for Bradford caused by the Plan's payment of a control premium where previous owners retained control of Bradford, the Plan's failure to receive a discount for lack of control, and/or other factors in Reliance's faulty valuation of Bradford in the ESOP Transaction.

**ANSWER:**  This paragraph contains legal conclusions to which no answer is required.  To the

extent an answer is required, Defendant denies the allegations in this paragraph.

27.     On December 31, 2013, just 92 days after the Plan bought Bradford, the Plan's investment in Bradford common stock was valued as worth $43,410,000.00, or just $72.35 per share, a difference in value of approximately $56.5 million, or about 56%.

**ANSWER:**  Defendant denies the allegations in this paragraph.

28.     Reliance is liable to the Plan for the difference between the price paid by the Plan and the actual value of Bradford shares at the time of the ESOP Transaction.

**ANSWER:**  Defendant denies the allegations in this paragraph.

29.     Paragraph 6 of the ESOP Transaction engagement agreement between Reliance and the Bradford Exchange, Ltd. Contains a payment/indemnification clause providing inter alia that Reliance's litigation expenses, damages, losses and liabilities in this suit may be paid or reimbursed by Bradford, which the Plan owns. That provision is null and void under ERISA § 410(a), 29 U.S.C. § 1110(a), as against public policy.

**ANSWER:**     Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to

provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the

Second Amended Complaint with Prejudice.


30.     Bradford has been paying the defense costs of Reliance's legal counsel in this lawsuit.

**ANSWER:**     Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to

provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the

Second Amended Complaint with Prejudice.


31.     Payment by Bradford of millions of dollars of attorneys' fees, costs and litigation expenses to Reliance's counsel would necessarily adversely impact Bradford's equity value and therefore the value of Plan assets. Advancement or reimbursement of Reliance's defense costs by Bradford adversely affects the Plan and Plaintiff's and other participants' financial interests.

**ANSWER:**     Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to

provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the

Second Amended Complaint with Prejudice.


32.     Payment by Bradford, which the Plan owns, to the Plan for any judgment this Court makes against Reliance would result in no benefit to the Plan and its participants and would, in violation of ERISA § 410(a), relieve Reliance from responsibility or liability for its responsibility, obligation, or duty under ERISA.

**ANSWER:**     Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to

provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the

Second Amended Complaint with Prejudice.


## JURISDICTION AND VENUE

33.     This action arises under Title I of ERISA, 29 U.S.C. §§ 1001 *et seq.,* and is brought by Plaintiff under ERISA § 502(a), 29 U.S.C. § 1132(a), to enjoin acts and practices that

- 8 -

violate the provisions of Title I of ERISA, to require Reliance to make good to the Plan losses resulting from its violations of ERISA, and to restore to the Plan any profits and fees made and received by Reliance, and to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of Title I of ERISA.

**ANSWER:** Defendant admits that Plaintiff brings this claim pursuant to ERISA but otherwise

denies the allegations in this paragraph.

34.     This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

**ANSWER:** Admitted.

35.     Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because some or all of the events or omissions giving rise to the claims occurred in this District, the Plan was administered in this District, and Bradford is headquartered in this District.

**ANSWER:** Defendant admits that Bradford is headquartered in this District and that venue is

proper.

## **PARTIES**

36.     Plaintiff Artur A. Nistra is a resident of Jacksonville, Florida. At all relevant times, Plaintiff Nistra has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), and has been vested in Bradford common stock shares in his Plan account.

**ANSWER:** Defendant lacks information sufficient to admit or deny where Plaintiff lives.

Defendant admits that Plaintiff was a participant and was at least partially vested in his

account under the ESOP but otherwise denies the allegations in this paragraph.

37.     Plaintiff Nistra had no knowledge about whether the Plan paid adequate consideration for Bradford stock until discussing the case with counsel in 2017.

**ANSWER:** This paragraph states a legal conclusion to which no response is required.

To the extent an answer is required, Defendant lacks information sufficient to admit or

deny what Plaintiff knew.

- 9 -

38.     Defendant Reliance Trust Company is a trust company chartered in Georgia. Reliance was the Trustee of the Plan during the 2013 ESOP Transaction.

**ANSWER:** Defendant admits that it is a trust company chartered under Georgia law and

was the trustee of the ESOP for purposes of evaluating the 2013 ESOP transaction.

Defendant denies the remaining allegations in this paragraph.

39.     Reliance at all relevant times was a "fiduciary" under ERISA because it was named as the Trustee. As the Trustee, Reliance had exclusive authority to manage and control the assets of the Plan and had sole and exclusive discretion to authorize the 2013 ESOP Transaction.

**ANSWER:** Defendant admits it was a fiduciary solely to the extent it engaged in fiduciary

acts.  Defendant denies the remaining allegations in this paragraph.

40.     Reliance was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all relevant times.

**ANSWER:**   This paragraph states a legal conclusion to which no response is required.

## CLAIMS FOR RELIEF

### COUNT ONE
### Engaging in Prohibited Transactions Forbidden by ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b)

41.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

**ANSWER:** Defendant incorporates its responses to the preceding paragraphs as though set forth

herein.

42.     Bradford was a party in interest to the Plan because it is an employer whose employees are covered by the Plan. ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C).

- 10 -

**ANSWER:**    Defendant denies the allegations in this paragraph.

43.    Bradford was a party in interest to the Plan because it is the Plan's administrator, and therefore a fiduciary and a service provider to the Plan. ERISA § 3(14)(A)-(B), 29 U.S.C. § 1002(14)(A)-(B).

**ANSWER:**    This paragraph states a legal conclusion to which no response is required.

44.    Reliance was a fiduciary for the Plan because it was the Trustee responsible for deciding on behalf of the Plan whether to engage in the ESOP Transaction, the price to pay for Bradford stock, and the terms of the note payable to Bradford.

**ANSWER:**  Defendant admits that it was a fiduciary to the extent it engaged in fiduciary acts.

Defendant denies that it was responsible for deciding "the price to pay for Bradford stock" or

"the terms of the note payable to Bradford" and denies the remaining allegations in this

paragraph.

45.    Reliance was a fiduciary for the Plan because as Trustee it is a "Named Fiduciary" under the terms of the Plan. *See* Plan § 12-1.

**ANSWER:**  This paragraph states a legal conclusion to which no response is required.  To the

extent an answer is required, Defendant admits that it was a fiduciary to the extent it engaged in

fiduciary acts.

46.    ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibited a plan fiduciary, here Reliance, from causing a plan, here the Plan, to borrow money from a party in interest, here Bradford.

**ANSWER:**    This paragraph states a legal conclusion to which no response is required.

Answering further, Defendant states that ERISA § 408(b)(3) provides an exemption for a loan to

an employee stock ownership plan if the loan is primarily for the benefit of participants and

beneficiaries of the plan and such loan is at an interest rate which is not in excess of a

reasonable rate, and ERISA § 408(b)(3) allows a plan to give collateral if such collateral are

qualifying employer securities.  ERISA § 408(e) provides an exemption for the acquisition or

sale by a plan of qualifying employer securities if such acquisition or sale is for "adequate

consideration," if no commission is charged with respect thereto, and if the plan is an eligible

individual account plan under ERISA § 1107(d)(3), which includes employee stock ownership

plans.

47.     ERISA § 406(a)(1)(E), 29 U.S.C. § 1106(a)(1)(E), prohibited Reliance from causing the Plan to acquire Bradford securities from Bradford.

**ANSWER:**  This paragraph states a legal conclusion to which no response is required.

Answering further, Defendant states that ERISA § 408(e) provides an exemption for the

acquisition or sale by a plan of qualifying employer securities if such acquisition or sale is

for "adequate consideration," if no commission is charged with respect thereto, and if the

plan is an eligible individual account plan under ERISA § 1107(d)(3), which includes

employee stock ownership plans.

48.     ERISA § 406(b)(2), (3), 29 U.S.C. § 1106(b)(2), (3), provides that a fiduciary for a plan shall not—

> (2)  in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or

> (3)  receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

**ANSWER:** Defendant admits that Plaintiff quotes a portion of ERISA.  Defendant denies any

violation of ERISA or any other federal or state law.  Answering further, Defendant states that

- 12 -

ERISA § 408(b)(2) contains an exemption for contracting or making reasonable arrangements with a party in interest for services necessary for the establishing or operation of the plan, if no more than reasonable compensation is paid therefor. *See also* 29 CFR § 2550.408b-2.

49.     In violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), in approving the ESOP Transaction, Reliance acted for the benefit of Bradford in a transaction in which Bradford was adverse to the Plan by approving a purchase price for Bradford stock that exceeded its fair market value.

**ANSWER:** Defendant denies the allegations in this paragraph.  Defendant denies any violation of ERISA or any other federal or state law.

50.     In violation of ERISA § 406(b)(3), 29 U.S.C. § 1106(b)(3), in the course of the ESOP Transaction, Reliance received payment from Bradford for serving as the Trustee on behalf of the Plan with respect to the ESOP Transaction.

**ANSWER:**  Defendant denies the allegations in this paragraph.  Defendant denies any violation of ERISA or any other federal or state law.

51.     The loan and stock transactions between the Plan and Bradford were prohibited transactions.

**ANSWER:** This paragraph states a legal conclusion to which no response is required. Defendant denies any violation of ERISA or any other federal or state law.

52.     The loan and stock transactions between the Plan and Bradford were caused by Reliance in its capacity as Trustee for the Plan.

**ANSWER:**  Defendant denies the allegations in this paragraph.

53.     ERISA § 408(e), 29 U.S.C. § 1108(e), provides a conditional exemption from the

prohibited transaction rules for sale of employer securities to or from a plan if a sale is made for adequate consideration. ERISA § 3(18)(B), 29 U.S.C. § 1002(18)(B), defines adequate consideration as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary pursuant to the terms of the plan and in accordance with regulations promulgated by the Secretary." ERISA's legislative history and existing case law make clear that ERISA § 3(18)(B) requires that the price paid must reflect the fair market value of the asset, and the fiduciary must conduct a prudent investigation to determine the fair market value of the asset.

**ANSWER:** Defendant admits that Plaintiff quotes a portion of ERISA. Defendant denies any violation of ERISA or any other federal or state law.

54.     The statutory exemptions to ERISA's prohibited transaction provisions are affirmative defenses. *See, e.g., Allen v. GreatBanc Trust Co.,* 835 F.3d 670, 675-77 (7th Cir. 2016); *Braden v. Walmart Stores, Inc.,* 588 F.3d 585, 600-02 (8th Cir. 2009); *Howard v. Shay,* 100 F.3d 1484, 1488 (9th Cir. 1996); *Lowen v. Tower Asset Mgmt., Inc.,* 829 F.2d 1209, 1215 (2d Cir. 1987); *Donovan v. Cunningham,* 716 F.2d 1455, 1567-68 (5th Cir. 1983).

**ANSWER:** This paragraph states a legal conclusion to which no answer is required.

Defendant denies any violation of ERISA or any other federal or state law.

55.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia,* that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

**ANSWER:** This paragraph states a legal conclusion to which no answer is required. Defendant denies any violation of ERISA or any other federal or state law.

56.     ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a suit for relief under ERISA § 409.

**ANSWER:** This paragraph states a legal conclusion to which no answer is required.

Defendant denies any violation of ERISA or any other federal or state law.

57.     Reliance caused and is liable for the losses suffered by the Plan as a result of the prohibited transactions in an amount to be proven more specifically at trial.

**ANSWER:**  Defendant denies the allegations in this paragraph.

## COUNT TWO

**Violation of ERISA §§ 410 and 404(a)(1)(A), (B),
29 U.S.C. §§ 1110 and 1104(a)(1)(A), (B)**

58.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

**ANSWER:**     Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to

provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the

Second Amended Complaint with Prejudice.


59.     ERISA § 410(a), 29 U.S.C. § 1110(a), provides in relevant part (with exceptions not applicable here) that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part [Part IV of Subtitle B of Title I of ERISA] shall be void as against public policy." As ERISA § 406 is under Part IV, any provision that attempts to relieve Reliance, a Plan fiduciary, of responsibility or liability is void pursuant to ERISA § 410(a) unless there is a an exception or exemption. No such exception or exemption is applicable here.

**ANSWER:**     Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to

provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the

Second Amended Complaint with Prejudice.


60.     Paragraph 6 of the engagement letter between Reliance and The Bradford Exchange, Ltd., dated July 30, 2013 and accepted and agreed to by The Bradford Exchange, Ltd. effective as of August 9, 2013 (the "Transaction Engagement Agreement"), contains a payment/indemnification clause providing inter alia that Reliance's litigation expenses, damages, losses and liabilities in this suit may be paid or reimbursed by Bradford, which the Plan owns.

**ANSWER:**     Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to

provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the

Second Amended Complaint with Prejudice.

61.    The Transaction Engagement Agreement effectively contains no limitation on payment or indemnity by Bradford, at any time in the course of litigation or after final judgment, to or for the benefit of Reliance of its costs, attorneys' fees and other expenses ("Defense Costs") or of damages, losses, or liabilities. An exception contained in Paragraph 6 does not address violation of the per se rules under ERISA § 406.

**ANSWER:**    Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the Second Amended Complaint with Prejudice.

62.    The terms of Paragraph 4 of the subsequent engagement letter between Reliance and Bradford, dated October 28, 2013 and accepted and agreed to by Bradford effective as of October 1, 2013 (the "Ongoing Trustee Engagement Letter"), are in material respects identical to the provision noted above from the Transaction Engagement Agreement.

**ANSWER:**    Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the Second Amended Complaint with Prejudice.

63.    To the extent that Paragraph 6 of the Transaction Engagement Agreement (or, to the extent Reliance or Bradford may be invoking it, Paragraph 4 of the Ongoing Trustee Engagement Agreement) attempts to relive Reliance of its responsibility or liability to discharge its duties under ERISA, or attempts to have Bradford (a Plan-owned company) and thereby the Plan be responsible for Reliance's liability or breaches of the statute, including but not limited to Defense Costs, such provision is void as against public policy.

**ANSWER:**    Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the Second Amended Complaint with Prejudice.

64.    To the extent that any of the fiduciaries of the Plan would agree to the establishment or exercise of such a provision that is void against public policy under ERISA § 410, they breached their fiduciary duties under ERISA by failing to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and aims, in violation of ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B). See also ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

**ANSWER:**     Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to

provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the

Second Amended Complaint with Prejudice.

65.     As a result of the foregoing, Paragraph 6 of the Transaction Engagement
Agreement, and to the extent it may have been or be invoked by Reliance or Bradford
Paragraph 4 of the Ongoing Trustee Engagement Agreement, should be declared void ab initio
and Reliance and its agents should be enjoined from seeking and accepting payment from
Bradford under such provisions.

**ANSWER:**     Per this Court's October 3, 2017 Order (Dkt. 116), Defendant is not required to

provide an answer to this paragraph pending a ruling on its Motion to Dismiss Count II of the

Second Amended Complaint with Prejudice.

## CLASS ACTION ALLEGATIONS

66.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(a) and
(b), on behalf of the following class:

> All persons who were participants in The Bradford Hammacher Group, Inc.
> Employee Stock Ownership Plan. Excluded from the Plaintiff Class are the
> officers and directors of The Bradford Hammacher Group, Inc. and legal
> representatives, successors, and assigns of any such excluded persons. Also
> excluded from the Plaintiff Class are those individuals, trusts and their family
> members that redeemed or sold their shares in the Bradford Group and its
> affiliates and/or Hammacher, Schlemmer & Company, Inc. to Bradford in 2013.

**ANSWER:**     Defendant admits that Plaintiff purports to bring this lawsuit as a class action,

but denies that a class action is appropriate in this case or under ERISA 502(a)(2).

67.     The Plaintiff Class is so numerous that joinder of all members is impracticable.
Although the exact number and identities of Class Members are unknown to Plaintiff at this time,
the Plan's Form 5500 filing for 2015 indicates that there were 754 participants, including seven
deceased participants whose beneficiaries are receiving or are entitled to receive benefits, in the
Plan as of December 31, 2015.

**ANSWER:**  This paragraph states a legal conclusion to which no answer is required.  Answering

- 17 -

further, Defendant denies that a class action is appropriate in this case or under ERISA 502(a)(2).

      68.     Questions of law and fact common to the Plaintiff Class as a whole include, but are not limited to, the following:

      i.     Whether Reliance served as Trustee to the Plan in the ESOP Transaction;

      ii.     Whether Reliance was a fiduciary under ERISA for the Plan;

      iii.     Whether Reliance's fiduciary duties under ERISA included serving as Trustee for the Plan in the Plan's acquisition of Bradford stock and of a loan from Bradford;

      iv.     Whether Reliance caused the Plan to engage in a prohibited transaction under ERISA by permitting it to purchase Bradford stock;

      v.     Whether Reliance engaged in a good faith valuation of the Bradford stock in connection with the ESOP Transaction;

      vi.     Whether Reliance caused the Plan to pay more than adequate consideration for Bradford stock;

      vii.     Whether Reliance caused the Plan to engage in a prohibited transaction under ERISA by permitting it to take a loan from Bradford;

      viii.     Whether Reliance engaged in a prohibited transaction under ERISA by acting on behalf of a party adverse to the Plan and its participants in the ESOP Transaction;

      ix.     Whether Reliance engaged in a prohibited transaction under ERISA by receiving consideration for its own account in the ESOP Transaction; and

      x.     The amount of losses suffered by the Plan and its participants as a result of Reliance's ERISA violations.

**ANSWER:** Defendant denies the allegations in this paragraph.

69.     Plaintiff's claims are typical of those of the Plaintiff class. For example, Plaintiff, like other Plan participants in the Plaintiff Class, suffered a diminution in the value of his Plan account because the Plan overpaid for the Bradford stock and took an excessive loan, and he continues to suffer such losses in the present because Reliance failed to correct these losses by the Plan in its time as trustee.

**ANSWER:** Defendant denies the allegations in this paragraph.

70.     Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff has retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

**ANSWER:** Defendant denies the allegations in this paragraph.

71.     Class certification of Plaintiff's Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(l) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Reliance, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

**ANSWER:** Defendant denies the allegations in this paragraph.

72.     In addition, Class certification of Plaintiff's Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Reliance has acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. The members of the Class are entitled to declaratory and injunctive relief to remedy Reliance's violations of ERISA.

**ANSWER:** Defendant denies the allegations in this paragraph.

73.     The names and addresses of the Plaintiff Class are available from the Plan. Notice will be provided to all members of the Plaintiff Class to the extent required by Fed. R. Civ. P. 23.

**ANSWER:** Defendant denies the allegations in this paragraph.

  *WHEREFORE*, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff.

90242471.4

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE: EXEMPTIONS FROM PROHIBITED TRANSACTIONS

1.     Plaintiff's ERISA § 502(a)(2) claim for a prohibited transaction under ERISA §§ 406(a)(1)(B), 406(a)(1)(E), 406(b)(2), (3), fails because the September 30, 2013 transaction, loan to the ESOP, and compensation to Reliance are exempt pursuant to one or more of the following exemptions:

  a.  ERISA § 408(b)(3) provides an exemption for a loan to an employee stock ownership plan if the loan is primarily for the benefit of participants and beneficiaries of the plan and such loan is at an interest rate which is not in excess of a reasonable rate, and ERISA § 408(b)(3) allows a plan to give collateral if such collateral are qualifying employer securities.

  b.  ERISA § 408(e) provides an exemption for the acquisition or sale by a plan of qualifying employer securities if such acquisition or sale is for "adequate consideration," if no commission is charged with respect thereto, and if the plan is an eligible individual account plan under ERISA § 1107(d)(3), which includes employee stock ownership plans.  The Defendant engaged in a good-faith and prudent determination of the fair market value of the securities, no commission was charged, and the plan was eligible.

  c.  ERISA § 408(b)(2) contains an exemption for contracting or making reasonable arrangements with a party in interest for services necessary for the establishing or operation of the plan, if no more than reasonable compensation is paid therefor. *See also* 29 CFR § 2550.408b-2.  No more than reasonable compensation was paid to a party in interest for services.

## SECOND AFFIRMATIVE DEFENSE: STATUTE OF LIMITATIONS

2. Plaintiff's claims are barred in whole or in part based on the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE: LACK OF STANDING

3. The Plaintiff lacks standing to bring an ERISA 502(a)(2) claim because Plaintiff suffered no injury or damage as a result of the conduct alleged.

*WHEREFORE*, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff.

Dated: October 11, 2017         Respectfully submitted,

        */s/    Theodore M. Becker*
        Theodore M. Becker (theodore.becker@dbr.com)
        Richard J. Pearl (richard.pearl@dbr.com)
        DRINKER BIDDLE REATH, LLP
        191 N. Wacker Drive, Suite 3700
        Chicago, IL 60606
        (312) 569-1000 phone
        (312) 569-3000 fax

        *Attorneys for Defendant*

- 22 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on October 11, 2017, I caused a true and correct copy of the foregoing

*Defendant's Partial Answer and Affirmative Defenses to Second Amended Complaint* to be filed

electronically using the Court's CM/ECF system and to be served upon all registered participants

identified in the Notice of Electronic Filing in this matter on this date.

| | |
|---|---|
| Ryan T. Jenny | rjenny@baileyglasser.com |
| Gregory Y. Porter | gporter@baileyglasser.com |
| Patrick O. Muench | pmuench@baileyglasser.com |
| Robert A. Izard | rizard@ikrlaw.com |
| Douglas Needham | dneedham@ikrlaw.com |

Dated:  October 11, 2017                    */s/  Theodore M. Becker*
                                                    Theodore M. Becker

90242471.4