UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTUR A. NISTRA, on behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan and a class of all others similarly situated, | ) ) ) ) 16 C 4773 |
| Plaintiff, | ) ) Judge Gary Feinerman |
| vs. | ) ) |
| RELIANCE TRUST COMPANY, | ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

On behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan, Artur Nistra brings this putative class action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that Reliance Trust Company, as Plan trustee, breached its fiduciary duties to the Plan by causing it to engage in transactions prohibited by ERISA. Doc. 140. Nistra has moved to certify a class of Plan participants under Federal Rule of Civil Procedure 23. Doc. 90. The motion is granted.

### Background

The Bradford Hammacher Group, Inc. is a closely held corporation with headquarters in Illinois. Doc. 140 at ¶¶ 6-7. Bradford established the Plan in 2013 and appointed Reliance as trustee. *Id*. at ¶¶ 8, 17. Nistra and 753 others are participants in the Plan. *Id*. at ¶¶ 32, 55. At some point after the Plan was established, shareholders of Bradford and its affiliates redeemed 100 percent of their common stock for $275 million. *Id*. at ¶ 22. Bradford then issued 600,000 new shares of Class A common stock and sold them all to the Plan in exchange for a $100,000,000 note. *Id*. at ¶ 19, 22.

1

Nistra alleges that Reliance violated its fiduciary duties to the Plan by causing it to borrow money from Bradford and to purchase Bradford stock at less than fair market value, and by acting for the benefit of Bradford in connection with the transaction. *Id*. at ¶¶ 41-46 (citing 29 U.S.C. § 1106(a)(1)(B), (a)(1)(E), (b)(2), (b)(3)). Nistra seeks relief under 29 U.S.C. § 1109(a), which "imposes personal liability on the fiduciary whose breach of the obligations imposed by the statute results in a loss to the plan." *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 481 (7th Cir. 2010). "Pursuant to [29 U.S.C. §] 1132(a)(2), a plan participant or beneficiary" such as Nistra "may commence a civil action for appropriate relief under section 1109(a), but she may do so only in a representative capacity on behalf of the plan, not in her own behalf." *Id*. at 481-82.

Nistra seeks relief on behalf of the Plan, and moves to certify this class:

> All persons who were participants in The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan. Excluded from the Plaintiff Class are the officers and directors of The Bradford Hammacher Group, Inc. and legal representatives, successors, and assigns of any such excluded persons. Also excluded from the Plaintiff Class are those individuals, trusts and their family members that redeemed or sold their shares in the Bradford Group and its affiliates and/or Hammacher, Schlemmer & Company, Inc. to Bradford in 2013.

Doc. 140 at ¶ 54.

## Discussion

The court's analysis of class certification "is not free-form, but rather has been carefully scripted by the Federal Rules of Civil Procedure." *Chi. Teachers Union, Local No. 1. v. Bd. of Educ.*, 797 F.3d 426, 433 (7th Cir. 2015). To be certified, a proposed class must satisfy the four requirements of Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class; and (4)

2

the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015). If Rule 23(a) is satisfied, the proposed class must fall within one of the three categories in Rule 23(b), which the Seventh Circuit has described as: "(1) a mandatory class action (either because of the risk of incompatible standards for the party opposing the class or because of the risk that the class adjudication would, as a practical matter, either dispose of the claims of non-parties or substantially impair their interests), (2) an action seeking final injunctive or declaratory relief, or (3) a case in which the common questions predominate and class treatment is superior." *Spano v. Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011); *see also Bell,* 800 F.3d at 373. Finally, the class must be "identifiable as a class," meaning that the "class definition[] must be definite enough that the class can be ascertained." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006); *see also Mullins v. Direct Dig., LLC*, 795 F.3d 654, 659-61 (7th Cir. 2015).

Nistra bears the burden of showing that each requirement is satisfied. *See Chi. Teachers Union*, 797 F.3d at 433; *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012). As the Seventh Circuit has explained, "a district court must make whatever factual and legal inquiries are necessary to ensure that requirements for class certification are satisfied before deciding whether a class should be certified, even if those considerations overlap the merits of the case." *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010); *see also Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 889-90 & n.6 (7th Cir. 2011). The Seventh Circuit has instructed district courts to exercise "caution" before certifying a class. *Thorogood v. Sears, Roebuck & Co.,* 547 F.3d 742, 746 (7th Cir. 2008). That caution demands a close look at each Rule 23 requirement, even where, as here, the defendant does not contest most of them.

3

**I.      Ascertainability**

An ascertainable class is "defined clearly and based on objective criteria." *Mullins*, 795 F.3d at 659. "Class definitions have failed this requirement when they were too vague or subjective, or when class membership was defined in terms of success on the merits (so-called 'fail-safe' classes)." *Id.* at 657. Nistra's proposed class is easily ascertainable because it is based on clear, objective criteria—all Plan participants except for Bradford's officers and directors (and their legal representatives) and those participants who redeemed Bradford stock in 2013.

**II.     Rule 23(a)**

**A.      Rule 23(a)(1): Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The proposed class includes 754 individuals, which easily clears the numerosity hurdle.

**B.      Rule 23(a)(2): Commonality**

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury" and that their claims "depend upon a common contention … of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (internal quotation marks omitted); *see also Chi. Teachers Union*, 797 F.3d at 434. "[F]or purposes of Rule 23(a)(2) even a single common question will do." *Dukes*, 564 U.S. at 359 (alterations and internal quotation marks omitted); *see also Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 550 (7th Cir. 2016) ("[A] prospective class must articulate at least one common question that will actually advance all of the class members' claims.").

The proposed class satisfies commonality. All class members' claims arise out of the same transaction, in which the Plan purchased 100 percent of Bradford's newly issued Class A common stock. Determining the legality under ERISA of Reliance's participation in that transaction as Plan trustee "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

### C. Rule 23(a)(3): Typicality

The Rule 23(a)(3) typicality requirement "directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993) (internal quotation marks omitted). Typicality is satisfied when the named plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (alterations and internal quotation marks omitted). Typicality "should be determined with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." *CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721, 725 (7th Cir. 2011) (internal quotation marks omitted).

Nistra's claim arises out of Reliance's alleged breach of its fiduciary duties to the Plan, and every Plan participant could bring the same claim based on the same conduct. His claim could not be any more typical of the absent class members' claims. *See* 29 U.S.C. § 1132(a)(2). Nistra's suit is on behalf of the Plan, and he asks for no individualized relief. *See Lively v. Dynegy, Inc.*, 2007 WL 685861, at *10 (S.D. Ill. Mar. 2, 2007) ("[T]his action is brought on behalf of the Plan, not the individual participants, so that Plaintiffs' claims, of necessity, are typical of the claims of the members of the proposed class.").

### D. Rule 23(a)(4): Adequacy

Adequacy involves two inquiries: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). A proposed class representative is inadequate if her interests are "antagonistic or conflicting" with those of the absent class members, *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), or if she is subject to a defense inapplicable to the class as a whole. *See CE Design*, 637 F.3d at 726; *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011). Likewise, "[a] person whose claim is idiosyncratic or possibly unique is an unsuitable class representative." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 758 (7th Cir. 2014).

As noted, Nistra asserts a claim on the Plan's behalf and requests no individual relief. Reliance identifies no defense applicable to Nistra that would not apply to the class as a whole. Nor does Reliance question the competence of Nistra's counsel, who have experience handling ERISA class actions. Docs. 91-2, 91-3. Given all this, the adequacy requirement is satisfied.

## III. Rule 23(b)

Nistra argues for certification under Rule 23(b)(1) or (b)(2), not Rule 23(b)(3). Doc. 140 at ¶¶ 59-60. Rule 23(b)(1)(B) provides that a class may be certified where "prosecuting separate actions by … individual class members would create a risk of … adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B). As the Supreme Court has explained, Rule 23(b)(1)(B) applies where "the shared character of rights claimed or

relief awarded entails that any individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999). "Classic examples" of suits appropriate for class resolution under Rule 23(b)(1)(B) classes include "actions charging a breach of trust by a … fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust." *Ibid*. (internal quotation marks omitted).

This is just such a case. Nistra alleges that Reliance breached its fiduciary duties to the Plan and that the breach similarly affected all Plan beneficiaries. Because this is a representative action on behalf of the Plan, resolution of the case will affect the interests of all Plan beneficiaries. The proposed class therefore satisfies Rule 23(b)(1)(B); given this, there is no need to consider Nistra's arguments for certification under Rule 23(b)(1)(A) or (b)(2).

## IV. Reliance's Objections to the Proposed Class

Reliance objects to class certification on two principal grounds.

### A. Class Members Who Signed Releases

Reliance argues that because the proposed class includes individuals who signed releases waiving their right to bring ERISA claims on the Plan's behalf, the court should amend the class definition to exclude them. Doc. 118 at 9 (citing *Howell v. Motorola, Inc.*, 633 F.3d 552, 561 (7th Cir. 2011)). Reliance does not identify which provision of Rule 23(a) or (b) speaks to this issue. Typically, arguments that certification would be inappropriate because some class members' claims are subject to individualized defenses implicate Rule 23(b)(3)'s predominance requirement. *See Clark v. Experian Info., Inc.*, 233 F.R.D. 508, 512 (N.D. Ill. 2005) (holding that predominance fails where "affirmative defenses will require a person-by-person evaluation

7

of conduct"), *aff'd*, 256 F. App'x 818 (7th Cir. 2007). But Nistra does not seek certification under Rule 23(b)(3), and therefore need not show predominance.

Reliance's argument falls short regardless of how it is classified. Reliance contends only that "several" of the 754 class members signed a release, Doc. 67 at 4, yet the Seventh Circuit has held that a mere "smattering of individual contract defenses" is insufficient to defeat class certification. *Kleen Prods. LLC v. Int'l Paper Co.*, 831 F.3d 919, 930 (7th Cir. 2016). And because the class members identified by Reliance all signed an identical release, Doc. 67 at 4-5, the court could easily dispose of the release issue at one stroke if Reliance were to raise it as an affirmative defense. *See Chesemore v. Alliance Holdings, Inc.*, 276 F.R.D. 506, 513 (W.D. Wis. 2011) (certifying a class action brought on behalf of an employee retirement plan, reasoning that the release defense was "a side issue" that "will almost certainly come down to a matter of contract interpretation for a small group of class members who signed releases").

Moreover, there is no reason to think that the release issue will be relevant to this litigation. As noted, the suit seeks relief only on the Plan's behalf. Neither the fact of Reliance's liability nor the amount of any damages will be affected by the inclusion of class members who signed releases.

**B.    Rule 23.1**

Reliance also argues that this suit could be prosecuted more efficiently as a derivative action under Rule 23.1. Doc. 118 at 3-4. This sounds like an argument regarding Rule 23(b)(3)'s superiority requirement, but this is not a Rule 23(b)(3) class, and Nistra need not demonstrate superiority to obtain certification under Rule 23(b)(1)(B). Given that the proposed class meets the requirements for certification under Rule 23(a) and (b)(1)(B), the court cannot deny certification simply because a preferable procedural vehicle may exist. *See Shady Grove*

*Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("By its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action.").

## Conclusion

For the foregoing reasons, the court certifies the proposed class under Rule 23(b)(1)(B). "An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B); *see Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) ("[T]he obligation to define the class falls on the [district] judge's shoulders … .").

The class is defined as: "All persons who were participants in The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan other than the officers and directors of The Bradford Hammacher Group, Inc.; the legal representatives, successors, and assigns of the officers and directors; and those individuals, trusts, and their family members that redeemed or sold their shares in the Bradford Group and its affiliates and/or Hammacher, Schlemmer & Company, Inc. to Bradford in 2013." The claim to be tried is whether Reliance violated ERISA through its participation as Plan trustee in the Plan's 2013 purchase of Bradford stock. Pursuant to Rule 23(g), Gregory Y. Porter and Robert A. Izard of Bailey & Glasser LLP and Izard, Kindall & Raabe, LLP, respectively, are appointed as class counsel.

Rule 23(c)(2)(A) states: "For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). Although "[t]he authority to direct notice to class members in a (b)(1) or (b)(2) class action should be exercised with care," "[m]embers of classes certified under Rule 23(b)(1) or (b)(2) have interests that may deserve protection by notice." Fed. R. Civ. P. 23(c)(2), 2003 advisory committee's note.

Neither party has addressed class notice; they are directed to do so in a joint filing or separate filings by March 6, 2018.

February 13, 2018

_____
United States District Judge