UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTUR A. NISTRA, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 4773 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| RELIANCE TRUST COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's motion for reconsideration [173] is denied for the reasons stated below. The 1/24/2019 motion hearing [175] is stricken.

## STATEMENT

On October 8, 2018, Plaintiff Artur Nistra moved for leave to file a fourth amended complaint that, as he described it, would "add[]" a claim under ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A). Doc. 155. Nistra's initial brief reiterated that the proposed amendment would "add[]" a "proposed claim" under § 406(a)(1)(A). Doc. 156 at 1, 5. The court denied the motion to amend in its December 21, 2018 order. Doc. 172.

Nistra now moves for reconsideration of that decision, arguing that the court's order committed a manifest error of law in overlooking the fact that the operative complaint already contains a § 406(a)(1)(A) claim. Doc. 173. That argument makes no sense. Nistra's motion to amend asked for leave to "add[]" a § 406(a)(1)(A) claim as part of a proposed fourth amended complaint. The necessary premise of a motion seeking leave to file a fourth amended complaint that would "add[]" a § 406(a)(1)(A) claim is that the third amended complaint does not include such a claim. If Nistra believed that the operative complaint already included a § 406(a)(1)(A) claim, then why would he move for leave to "add[]" that "proposed claim"? Doc. 156 at 1, 5. It should go without saying, but circumstances demand that it be said: There's no need to amend a complaint to "add[]" a claim that's already in the complaint.

In an attempt to square that circle, Nistra's reconsideration motion maintains that his motion for leave to amend asked the court to rule that "the operative … [c]omplaint alleged a claim under ERISA § 406(a)(1)(A)." Doc. 173 at 1. Nistra's motion for leave to amend did no such thing; any doubt on that score can be eliminated by reading the motion. Doc. 155. True enough, Nistra's reply brief in support of his motion to amend said that the motion to amend sought "to clarify that Count I [of the operative complaint] alleges a prohibited transaction claim under ERISA § 406(a)(1)(A)." Doc. 163 at 1. But that is an obvious mischaracterization; Nistra's motion to amend did not seek to "clarify" that the operative complaint already had a § 406(a)(1)(A) claim; rather, it sought leave to "add[]" that claim by way of a fourth amended

complaint. Doc. 155. And a movant may not in a reply brief present arguments or seek relief not presented or sought in the motion. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."); *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 389 (7th Cir. 2003) ("Because Volvo raised the applicability of the Maine statute in its reply brief, the district court was entitled to find that Volvo waived the issue."); *Bullwinkel v. U.S. Dep't of Transp.*, 787 F.2d 254, 256 (7th Cir. 1986) ("[T]his court cannot consider Bullwinkel's requests for relief that were raised for the first time in his reply brief.").

So, Nistra's reconsideration motion does not challenge the court's denial of the relief that his motion to amend actually sought (amending the complaint at the eleventh hour, after the summary judgment deadline had passed), and instead challenges the court's failure to address relief that his motion to amend did not seek (clarifying that the existing complaint already stated a § 406(a)(1)(A) claim, meaning that no amendment was necessary after all). It should go without saying, but circumstances again demand that it be said: A court does not commit a manifest error of law when its order on a motion does not grant relief that the motion did not seek.

The reconsideration motion accordingly is denied. The case will go to trial in April 2019 on the claims set forth in the operative complaint.

January 22, 2019

United States District Judge

2