**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ARTUR A. NISTRA, on behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,** <br><br> **Plaintiff,** <br><br> v. <br><br> **RELIANCE TRUST COMPANY,** <br><br> **Defendant.** | Case No. 1:16-cv-04773 <br><br> Hon. Gary Feinerman <br><br> Magistrate Judge Sidney I. Schenkier |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROPOSED NOTICE OF SETTLEMENT**

This matter has come before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Proposed Notice of Settlement. (Dkt. No. 266.)

**I.      Preliminary Approval of Settlement**

Federal Rule of Civil Procedure 23(e) provides that a class action cannot be settled or compromised without approval by the court. Judicial approval is required regardless of whether the action is certified for trial and later settled or is certified for purposes of settlement. Manual for Complex Litigation (Fourth) § 21.61 (2004). Ultimately, to approve the proposed settlement the Court must determine that it is fair, reasonable and adequate. *Kaufman v. Am. Express Travel Related Servs. Co., Inc.,* 877 F.3d 276, 283 (7th Cir. 2017).

Before a court approves a proposed settlement, notice must be provided to the class. Fed. R. Civ. P. 23(e)(1). The parties must provide the court with information sufficient to enable the court to determine whether to give such notice of the proposal to the class. *Id.* The court

1

examines the information provided by the parties against a number of factors to determine whether notice should be given to the class. *Id.*

The 2018 Amendments to Rule 23, effective December 1, 2018, provide guidance to federal courts considering whether to grant preliminary approval of a class action settlement. Fed. R. Civ. P. 23(e), Committee Notes. "[I]n weighing a grant of preliminary approval, district courts must determine whether 'giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.'" *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05MD1720MKBJO, 2019 WL 359981, at *12 (E.D.N.Y. Jan. 28, 2019) (citing Fed. R. Civ. P. 23(e)(1)(B)(i–ii)). Therefore, although the factors cited in Rule 23(e)(2) "apply to final approval, the Court looks to them to determine whether it will likely grant final approval based on the information currently before the Court"—those factors are as follows:

(A) the class representatives and counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

*Id.* (citing Fed. R. Civ. P. 23(e)); *accord Hays v. Eaton Grp. Attorneys*, LLC, No. CV 17-88-JWD-RLB, 2019 WL 427331, at *4 (M.D. La. Feb. 4, 2019).

The Court held a preliminary fairness hearing on January 9, 2020 and a follow-up status hearing on January 29, 2020. The Court concludes that, given the parties' showing, the Court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment.

## II. Class Notice

Amended Federal Rule 23(e)(1) requires that the Class be given "notice in a reasonable manner" concerning a proposed settlement, and due process likewise requires that class members generally must receive notice of the terms of settlement. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173–76, 94 S.Ct. 2140, 2150–52, 40 L.Ed.2d 732 (1974); *Simer v. Rios*, 661 F.2d 655, 666–67 (7th Cir. 1981). The Court orders that notice be provided by first-class mail to all Class Members and by e-mail for all Class Members for whom the parties have e-mail addresses. The Court concludes that the proposed Class Notice informs the Class of the nature of the suit, the pertinent terms of the Settlement (including the provisions relating to attorneys' fees and expenses, lead plaintiff award requests and administrative costs and expenses), the reasons for entering into the Settlement, and directions for obtaining additional information as well as for objecting to the Settlement.

## III. Settlement Procedure

The Court hereby sets the following settlement procedure:

1. By March 19, 2020 (the "Notice Date"), the Settlement Administrator will mail the Class Notice to all Class Members. Defendant provided the notices required

       by the Class Action Fairness Act of 2005, PL 109-2 (2005) by December 30, 2019;

2. Any Class Member who wishes to object to this Settlement or otherwise to be heard concerning this Settlement shall timely inform the District Court in writing of his or her objection to this Settlement and/or intent to appear at the Fairness Hearing by following the procedures set forth in the Class Notice ("Objection"). To be considered timely, the Objection must bear a postmark that is no later than June 2, 2020, which is fifteen (15) calendar days before the date set for the Fairness Hearing in this Order. The Objection must set forth any and all objections to this Settlement and include any supporting papers and arguments;

3. Plaintiff will file a Motion for Attorneys' Fees, Costs, and Class Representative Service Awards no later than May 18, 2020, which is thirty (30) days before the date set for the Fairness Hearing in this Order;

4. Plaintiff will file a Motion for Final Approval of Settlement no later than May 18, 2020, which is thirty (30) days before the date set for the Fairness Hearing in this Order;

5. Plaintiff will file any responses to objections, as well as any additional information pertinent to the Court's consideration of the Settlement, no later than June 10, 2020, which is seven (7) days before the date set for the Fairness Hearing in this Order.

6. The Court will hold a final fairness hearing on June 17, 2020 at 10 a.m.,, at the United States District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Chicago, Illinois 60604, Courtroom 2125;

7.        The parties shall abide by all terms of the Settlement Agreement.

Dated: 3/12/2020                    Signed: _____