IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTUR A. NISTRA,<br>on behalf of The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE TRUST COMPANY,<br><br>    Defendant. | Case No. 1:16-cv-04773<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Sidney I. Schenkier |

## FINAL JUDGMENT AND ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS AND CASE CONTRIBUTION AWARD AND DISMISSAL WITH PREJUDICE

Plaintiff Artur Nistra ("Plaintiff" or "Class Representative") has submitted a Motion for Final Approval of the Settlement set forth in the Class Action Settlement Agreement dated December 17, 2019 (the "Settlement Agreement"). Plaintiff's Counsel has also submitted to the Court their Motion for Attorneys' Fees, Costs and Case Contribution Award.

On January 9, 2020 and March 12, 2020, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement (Dkt. 267, 273.) This Court also modified the class definition which had been previously certified; approved the procedure for giving Class Notice to the members of the Settlement Class; and set a Final Approval Hearing to take place on June 17, 2020. (*Id.*) The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the Motion for Final Approval,

including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting declarations.

On June 19, 2020, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Plaintiff's counsel and any award to the Named Plaintiff for his representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Definitions.** This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, and venue in this Court is proper.

3. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Class defined as: all

persons other than the September 30, 2013 selling shareholders (including their beneficiaries, heirs, and assign), who are current or former participants in The Bradford Hammacher Group, Inc. Employee Stock Ownership Plan, whether or not they were vested.

5. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointments of Plaintiff Artur Nistra as Class Representative, and the law firms of Bailey & Glasser LLP and Izard, Kindall & Raabe, LLP as Class Counsel.

6. **Settlement Approval.** Pursuant to Rule 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims are hereby dismissed in their entirety with prejudice and without costs, and the case shall be closed pursuant to Paragraph 20 of this Order.

8. **Releases.** The releases as set forth in section 3 of the Settlement Agreement together with the definitions in paragraphs 1.32-1.35 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in section 3 of the Settlement Agreement, including but not limited to the definitions of Released Claims, Released Parties and Releasees. The Settlement Class Members and the Plan shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and

discharged all Released Claims against the Released Parties..

9. **Covenant Not to Sue.** Plaintiff and all members of the Settlement Class are hereby barred and enjoined from filing any claim or action against any Released Party based on a Released Claim. The foregoing provision shall be a complete defense to any such lawsuit or claims against any of the Releasees. Defendant is hereby barred and enjoined from filing any claim or action against: (i) the Named Plaintiff or the original named Plaintiff Altavia Matthews released under Section 3.4 of the Settlement Agreement; (ii) Bradford Hammacher any action or claim released under Section 3.5 of the Settlement Agreement; and (iii) the Selling Shareholders/Directors any action or claim released under Section 3.6 of the Settlement Agreement.

10. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the orders granting preliminary approval of class action settlement and proposed notice of settlement constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Rule 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11. **Attorneys' Fees and Expenses.** Plaintiff and Plaintiff's counsel have moved for an award of attorneys' fees in the amount of $2,640,000 and costs and expenses of $638,162.83. The Court has considered this application separately from this Judgment. The Court finds that an award of $2,640,000 in attorneys' fees, and $638,162.83 in costs and expenses is fair and reasonable, and the Court approves of Plaintiff's counsels' attorneys' fees, costs and expenses in these amounts to be paid from the Class Settlement Amount.

12. The Court further finds that a Case Contribution Award for Mr. Nistra in the

amount of $25,000 is fair and reasonable, and the Court approves of the Case Contribution Award in this amount. The Court directs the Settlement Administrator to disburse this amount to Mr. Nistra from the Class Settlement Amount as provided in the Settlement Agreement.

13. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Reliance Trust Company. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

14. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

15. **Termination of Settlement.** This Settlement Agreement may be terminated by any of the Parties if (i) the Court declines to approve the Settlement by entering the Final Order, or (ii) the Final Order entered by the Court is reversed or modified in any material respect by any Appeal Proceeding, provided that the terminating party, within fourteen (14) calendar days from the date of such event, furnishes written notice to Plaintiff's counsel or Defendant's counsel or

the Company's counsel or the Selling Shareholders/Director's counsel, as the case may be, of the termination of this Settlement, specifying the terms modified or not approved that give rise to the right to terminate.

If the Settlement Agreement is terminated, the following shall occur: (i) Plaintiff's counsel or Defendant's counsel shall promptly after the date of termination of the Settlement Agreement notify the Court and return any Settlement Amount to the Defendant, except for amounts disbursed or incurred pursuant to Section 8.1 of the Settlement Agreement; (ii) the Action shall for all purposes revert to its status as of the day immediately before December 17, 2019, and the Parties shall request a scheduling conference with the Court; and (iii) the Settlement shall be deemed void and of no further force and effect.

16. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

17. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

18. **CAFA Notice.** Reliance Trust Company has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

19. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

20. **Action Closed.** The Clerk of the Court is hereby directed to close the Lawsuit.

Dated: 6/19/2020

THE HON. GARY FEINERMAN
UNITED STATES DISTRICT JUDGE